IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00782-ZLW-MJW

JASON QUICK,

Plaintiff(s),

v.

HEWLETT-PACKARD COMPANY,

Defendant(s).

---

ORDER REGARDING PLAINTIFF'S AFFIDAVIT IN SUPPORT OF PLAINTIFF'S
MOTION FOR PROTECTIVE ORDERS AS TO DEFENDANT'S RETAINING, USE OF
AND/OR CONFERRING WITH AUDIOLOGIST EDWARD JOSEPH JACOBSON AS TO
THE CLAIMS OF PLAINTIFF, JASON QUICK, BECAUSE OF JACOBSON'S PRIOR
RELATIONSHIP TO QUICK AS A CONSULTANT TO QUICK'S ATTORNEY
(DOCKET NO. 29)

---

Entered by Magistrate Judge Michael J. Watanabe

        This matter is before the court for hearing on February 9, 2006, on the Plaintiff's
Motion for Protective Orders as to Defendant's Retaining, Use of And/Or Conferring
with Audiologist Edward Joseph Jacobson as to the Claims of Plaintiff, Jason Quick,
Because of Jacobson's Prior Relationship to Quick as a Consultant to Quick's Attorney
(docket no. 29).  The court has reviewed the subject motion, the response (docket no.
37) and the reply (docket no. 39).  In addition, the court has taken judicial notice of the
court's file and has considered applicable Federal Rules of Civil Procedure.  Lastly, the
court has considered the testimony of Edward J. Jacobson, PhD.  The court now being
fully informed makes the following findings of fact, conclusions of law and order.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

        Plaintiff seeks a protective order preventing Defendant from communicating with
Edward J. Jacobson, PhD.  Plaintiff's argues that there was a confidential relationship
between Plaintiff and Dr. Jacobson and that confidential information was shared with
Dr. Jacobson during a speaker phone telephone conversation between Plaintiff,
Plaintiff's counsel, Jack Kintzele and Dr. Jacobson between the dates of August 18,
2003 and August 28, 2003.

Defendant argues that Plaintiff cannot establish at a confidential relationship existed between Plaintiff and Dr. Jacobson based upon one telephone conversation since Dr. Jacobson never entered into a formal consulting relationship with Plaintiff and Plaintiff has never paid Dr. Jacobson any money.  Moreover, Defendant argues that Dr. Jacobson never examined the Plaintiff and merely reviewed the Plaintiff's medical records from the Boulder Community Hospital that were sent to him by Plaintiff's counsel, Mr. Kintzele.

In Mitchell v. Wilmore, 981 P.2d 172, 177 (Colo. 1999), the Colorado Supreme Court outlined a two part test to determine if the retaining party should be prevented from working with the expert.  That two prong test is:

1.    Is it objectively reasonable for the objecting party to conclude that a confidential relationship had been established with the expert; and,

2.    Was confidential information shared during the course of that confidential relationship.

Here, the court finds that the Plaintiff has signed an affidavit dated January 11, 2006, that is attached to the subject motion.  The affidavit states, in pertinent part:

1.    I was at John A. "Jack" Kintzele's office between August 18, 2003 and August 28, 2003 when John A. "Jack" Kintzele returned Jacobson's call, which he had on speaker phone.

2.    John A. "Jack" Kintzele gave Jacobson a full disclosure of how I was injured and how my impairments developed over the several days following the noise exposure.

3.    John A. "Jack" Kintzele gave Jacobson all of his opinions and assertions based upon the work John A. "Jack" Kintzele had done.

4.    Jacobson could not get that I only had to prove may case on a fifty-one percent (51%) basis as opposed to a percentage of proof much higher than that.

The court further finds that Mr. Kintzele provided to Dr. Jacobson the medical records for the Plaintiff from the Boulder Community Hospital per the request of Dr. Jacobson. Thereafter, Dr. Jacobson reviewed such medical records and then he called Mr. Kintzele on August 18, 2003, and left a message for Mr. Kintzele.

Dr. Jacobson testified that he never established a patient relationship with Plaintiff, that Plaintiff did not pay him any money, that no agreement was entered into between he and Mr. Kintzele, that he was not a consultant for Plaintiff, and that there

was never any discussions on confidentiality.  However, Dr. Jacobson was unable to either deny or affirm that a telephone conversion took place between Plaintiff, Mr. Kintzele and himself via speaker phone between August 18, 2003 and August 28, 2003, as outlined in the Plaintiff's affidavit.  In essence, Dr. Jacobson just does not recall  such telephone conversation since such telephone conversation took place approximately 2 ½ years ago. .

Based upon these findings of fact, this court concludes that a confidential relationship was established between Plaintiff and Dr. Jacobson and confidential information was shared with Dr. Jacobson during this confidential relationship during a telephone conversation on speaker phone between August 18, 2003 and August 28, 2003.

ORDER

WHEREFORE, the court ORDERS:

1.    That Plaintiff's Motion for Protective Orders as to Defendant's Retaining, Use of And/Or Conferring with Audiologist Edward Joseph Jacobson as to the Claims of Plaintiff, Jason Quick, Because of Jacobson's Prior Relationship to Quick as a Consultant to Quick's Attorney (docket no. 29) is GRANTED.

2.    That each party shall pay their own attorney fees and costs.

Done this 10th of February 2006.

BY THE COURT

S/ Michael J. Watanabe
_____
Michael J. Watanabe
U.S. Magistrate Judge